BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY
s/i/h/a AIG GLOBAL MARINE
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
REMA FOODS, INC.

              Plaintiff,

  -v-

AIG GLOBAL MARINE, a division of
American International Group, Inc.; and
RLI INSURANCE COMPANY, a division of
American International Group, Inc.

              Defendants.
--------------------------------------------------------X

08 Civ. 3299 (NRB)

**ANSWER**

**Electronically Filed**

      Defendant AMERICAN HOME ASSURANCE COMPANY sued incorrectly herein as AIG GLOBAL MARINE ("Answering Defendant"), by and through its attorneys, BROWN GAVALAS & FROMM LLP, as and for its answer to the Complaint of REMA FOODS, INC. ("Plaintiff"), upon information and belief, states as follows:

## AS TO THE SECTION ENTITLED JURISDICTION

    1.    The allegations contained in paragraph "1" of the Complaint are conclusions of law to which no response is required.

## AS TO THE SECTION ENTITLED PARTIES

    2.    Answering Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the first sentence of paragraph "2" of the Complaint.  Answering Defendant denies all of the allegations contained in the second sentence of paragraph "2" of the Complaint, but admits that Plaintiff procured a Marine Open Cargo Policy of Insurance effective December 1, 2006, from the Answering Defendant.

3.      Answering Defendant denies all of the allegations contained in paragraph "3" of the Complaint, except admits that AIG Global Marine maintains a place of business located at 175 Water Street, New York, NY 10038.

4.      Answering Defendant denies all of the allegations contained in paragraph "4" of the Complaint.

5.      Answering Defendant denies all of the allegations contained in paragraph "5" of the Complaint.

## AS TO THE SECTION ENTITLED RELEVANT FACTS

6.      Answering Defendant denies all of the allegations contained in paragraph "6" of the Complaint, except admits that Answering Defendant issued Marine Open Cargo Policy No. 49057 to Plaintiff which became effective December 1, 2006 ("the Policy").

7.      Answering Defendant denies all of the allegations contained in Paragraph "7" of the Complaint and objects to the paraphrasing of the Policy terms and respectfully refers the Court to the terms and conditions of the Policy.  Answering Defendant leaves it to Plaintiff to prove the terms and conditions of the subject Policy at the time of trial.

8.      Answering Defendant denies all of the allegations contained in Paragraph "8" of the Complaint and objects to the paraphrasing of the Policy terms and respectfully refers the Court to the terms and conditions of the Policy.  Answering Defendant leaves it to Plaintiff to prove the terms and conditions of the subject Policy at the time of trial.

9. Answering Defendant denies all of the allegations contained in Paragraph "8" of the Complaint and objects to the paraphrasing of the Policy terms and respectfully refers the Court to the terms and conditions of the Policy. Answering Defendant leaves it to Plaintiff to prove the terms and conditions of the subject Policy at the time of trial.

10. Answering Defendant denies all of the allegations contained in Paragraph "10" of the Complaint and objects to the paraphrasing of the Policy terms and respectfully refers the Court to the terms and conditions of the Policy. Answering Defendant leaves it to Plaintiff to prove the terms and conditions of the subject Policy at the time of trial.

11. Answering Defendant denies all of the allegations contained in the first sentence of paragraph "11" of the Complaint. Answering Defendant denies all of the allegations contained in the second sentence of paragraph "11" of the Complaint. Answering Defendant denies all of the allegations contained in the third sentence of paragraph "11" of the Complaint, but admits that the quoted language set forth in the third sentence of paragraph "11" of the Complaint is contained in the Policy. Answering defendant respectfully refers the Court to the Policy for its terms and legal effect thereof.

12. Answering Defendant denies all of the allegations contained in Paragraph "12" of the Complaint and objects to the paraphrasing of the Policy terms and respectfully refers the Court to the terms and conditions of the Policy. Answering Defendant leaves it to Plaintiff to prove the terms and conditions of the subject Policy at the time of trial.

13. Answering Defendant denies all of the allegations contained in Paragraph "13" of the Complaint and respectfully refers the Court to the Policy for its terms and legal effect thereof.

14. Answering Defendant denies all of the allegations contained in Paragraph "14" of the Complaint and respectfully refers the Court to the Policy for its terms and legal effect thereof.

15. Answering Defendant denies all of the allegations contained in Paragraph "15" of the Complaint and respectfully refers the Court to the Policy for its terms and legal effect thereof.

16. Answering Defendant denies all of the allegations contained in Paragraph "16" of the Complaint and respectfully refers the Court to the Policy for its terms and legal effect thereof.

17. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "17" of the Complaint.

18. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "18" of the Complaint.

19. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "19" of the Complaint.

20. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "20" of the Complaint.

21. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "21" of the Complaint.

22. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "22" of the Complaint.

23. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "23" of the Complaint.

24. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "24" of the Complaint.

25. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "25" of the Complaint.

26. Answering Defendant admits the allegations contained in paragraph "26" of the Complaint.

27. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "27" of the Complaint.

28. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "28" of the Complaint.

29. Answering Defendant denies all of the allegations contained in paragraph "29" of the Complaint.

30. Answering Defendant denies all of the allegations contained in paragraph "30" of the Complaint.

31. Answering Defendant denies all of the allegations contained in the first sentence of paragraph "31" of the Complaint, except admits that in May of 2007, an independent lab by the name of Strassburger & Siegel preformed testing to the subject crabmeat and the results from the testing indicated that in all instances the subject crabmeat had passed FDA requirements and was in satisfactory condition.  Answering Defendant admits the allegations contained in the second sentence of paragraph "31" of the Complaint.  Answering Defendant denies all of the allegations contained in the third sentence of paragraph "31" of the Complaint, except admits that Answering Defendant paid Plaintiff under the Policy for the 7 cartons that were tested by Strassburger & Siegel.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "32" of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "33" of the Complaint.

34. Answering Defendant denies all of the allegations contained in paragraph "34" of the Complaint.

35. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "35" of the Complaint.

36. Answering Defendant denies all of the allegations contained in paragraph "36" of the Complaint.

37. Answering Defendant denies all of the allegations contained in paragraph "37" of the Complaint.

38. Answering Defendant denies all of the allegations contained in paragraph "38" of the Complaint, except admits that Plaintiff notified the Answering Defendant of the subject claim and that surveyors were present on or about April 26, 2007, to inspect the subject shipment.

39. Answering Defendant denies all of the allegations contained in paragraph "39" of the Complaint, but admits that Plaintiff submitted a claim to Answering Defendant.

40. Answering Defendant denies all of the allegations contained in paragraph "40" of the Complaint, but admits that it paid $92,036.30 to Plaintiff for the portion of its claim covered under the Policy.

41. Answering Defendant denies all of the allegations contained in paragraph "41" of the Complaint, but admits that Answering Defendant advised Plaintiff by way of letter dated September 12, 2007, that there was no coverage under the terms and conditions of the subject Policy for a potion of the claim presented.

**AS TO THE SECTION ENTITLED AS AND FOR**
**A FIRST CAUSE OF ACTION**

42. Answering Defendant repeats and reiterates each and every answer set forth in paragraphs "1" through "41", as if herein set forth at length.

43. Answering Defendant denies all of the allegations contained in paragraph "43" of the Complaint.

44. Answering Defendant denies all of the allegations contained in paragraph "44" of the Complaint and respectfully refers the Court to the terms and conditions of the Policy.

45. Answering Defendant denies all of the allegations contained in paragraph "45" of the Complaint and respectfully refers the Court to the terms and conditions of the Policy.

46. Answering Defendant denies all of the allegations contained in paragraph "46" of the Complaint and respectfully refers the Court to the terms and conditions of the Policy.

47. Answering Defendant denies all of the allegations contained in paragraph "47" of the Complaint and respectfully refers the Court to the terms and conditions of the Policy.

## AFFIRMATIVE DEFENSES

Answering defendant alleges as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Answering Defendant upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This action should be dismissed as Answering Defendant has met all its obligations required by the Policy.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

This action should be dismissed for accord and satisfaction.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

This action should be dismissed as Plaintiff has breached and/or has not complied with conditions precedent of the Policy.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Coverage for Plaintiff's claim is barred, in whole or in part, as it does not involve "direct physical loss or damage" as required/defined by the Policy.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Coverage for Plaintiff's claim is barred, in whole or in part, as there was no "direct physical loss or damage" to a portion of the subject shipment as required/defined by the Policy.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

The claims asserted in Plaintiff's Complaint are barred, in whole or in part, by the terms, exclusions, provisions, clauses, definitions, endorsements and limitations contained in the Policy.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover from Answering Defendant its costs, expenses and attorneys' fees in this action.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Some or all of the claims in the Complaint are barred, in whole or in part, by the doctrine of equitable estoppel.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Answering defendant reserves its right to amend this Answer and to assert additional defenses once the precise nature of the claims in the Complaint are ascertained through discovery and investigation.

**WHEREFORE**, answering defendant request that the Complaint against it be dismissed, with judgment, with costs and such further relief as this Court may deem just and proper.

Dated:  New York, New York
       August 28, 2008

                                    BROWN GAVALAS & FROMM LLP
                                    Attorneys for Defendant
                                    AMERICAN HOME ASSURANCE COMPANY
                                    s/i/h/a AIG GLOBAL MARINE

                        By:  s/ David H. Fromm
                               Robert J. Brown (RB-9131)
                               David H. Fromm (DH-9334)
                               355 Lexington Avenue
                               New York, New York 10017
                               Tel: (212) 983-8500
                               Fax: (212) 983-5946

TO:

Martin F. Casey, Esq.
CASEY & BARNETT, LLP
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225